IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMY LABS, As Special Administrator of the ESTATE OF BERNARD LABS, deceased, | 8:19-CV-366 |
| Plaintiff, | |
| vs. | ORDER |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY — MILLARD, *et al.*, | |
| Defendants. | |

  This matter is before the Court on the Evangelical Lutheran Good Samaritan Society's motion to stay and to compel arbitration (filing 4) pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. The Court will grant that motion.

  The plaintiff's complaint was filed in state court on August 1, 2019. Filing 1-1 at 4. The Good Samaritan Society removed the matter to this Court on August 23, filing 1, and on August 26 filed its motion to compel arbitration, filing 4. As evidence it presented the agreement (filing 4-2) containing its arbitration clause, and it accompanied its motion with a brief (filing 5) reciting legal authority supporting its argument for arbitrability and asking the Court to compel arbitration pursuant to 9 U.S.C. § 4.

  The plaintiff did not timely respond to the Good Samaritan Society's motion. *See* NECivR 7.1(b)(1)(B). The Magistrate Judge contacted the parties to check on the status of the case, and on September 25 the plaintiff finally filed an "objection" (filing 8) to the motion to compel. *But see* NECivR

7.1(b)(1)(A) ("party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing"). The plaintiff's "objection" recited several alleged bases for concluding that the Good Samaritan Society's arbitration agreement is unenforceable: fraud, that the contract wasn't signed by all the defendants, that the plaintiff's representative didn't have authority to sign it, that it's invalid due to mistake, and that it's unconscionable. Filing 8. But the plaintiff did not submit any evidence to substantiate her assertions, nor did she file a brief setting forth any legal authority to support her arguments.

Failure to file a brief opposing a motion does not confess the motion, but it does preclude the opposing party from contesting the moving party's statement of facts. NECivR 7.1(b)(1)(C). And it's the opposing party's burden to file and serve supporting evidence. NECivR 7.1(b)(2)(A). The plaintiff's failure to do so here leaves the Court with nothing of substance to contradict the Good Samaritan Society's prima facie case for arbitrability—that is, that there was an agreement to arbitrate between the Good Samaritan Society and the plaintiff's decedent (signed by his attorney-in-fact) and that the specific dispute here (negligence) falls within the scope of that agreement. *See Express Scripts, Inc. v. Aegon Direct Mktg. Servs.*, 516 F.3d 695, 699-700 (8th Cir. 2008).

A party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002); *accord Soto v. State Indus. Prod., Inc.*, 642 F.3d 67, 72 n.2 (1st Cir. 2011); *see City of Benkelman, Neb. v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-82 (8th Cir. 2017); *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 742 (8th Cir. 2014). Because the plaintiff has presented no evidence to contract the Good Samaritan Society's,

there is no factual dispute here. Nor, without a plaintiff's brief, does the Court have any legal basis to distinguish her challenges to the validity of the contract from the general rule that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *See Buckeye Check Cashing v. Cardegna,* 546 U.S. 440, 449 (2006).

Accordingly, the Court concludes that this matter is subject to arbitration, and will compel arbitration pursuant to 9 U.S.C. § 4.

IT IS ORDERED:

1. The Good Samaritan Society's motion to stay and to compel arbitration (filing 4) is granted.

2. The plaintiff's "objection" (filing 8) is overruled.

3. The parties are directed to proceed to arbitration in accordance with the terms of the arbitration agreement.

4. Every 90 days from the date of this order, counsel for the Good Samaritan Society shall file a report on the Court's docket which explains the current status of the pending arbitration.

5. The Clerk of the Court is directed to set an initial status report deadline of January 6, 2020.

6. The Clerk of the Court shall close this case for statistical purposes.

Dated this 8th day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge